**R. C. McLAUGHLIN et al.**

v.

**E–SYSTEMS, INC.**

**No. CA 3–6794–C.**

United States District Court,
N. D. Texas,
Dallas Division.

Oct. 14, 1975.

———◆———

Marvin Menaker, Bader, Wilson, Menaker, Cox & Branson, Dallas, Tex., for plaintiffs.

Robert W. Smith and Bowen L. Florsheim, Smith, Smith, Dunlap & Canterbury, Dallas, Tex., for defendant.

MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

The plaintiffs filed this action challenging the defendant E–Systems', Inc. (E–Systems) unilateral change of retired hourly-employees' health and welfare benefits, which the plaintiffs allege were fixed by collective-bargaining agreements negotiated between E–Systems and the International Union, United Automobile, Aerospace and Agricultural Workers of America (UAW, AFL–CIO) and its local unit, Local 967. The plaintiffs, retirees of the defendant's Greenville, Texas Division, seek relief on behalf of themselves individually, and on behalf of a class of all other persons similarly situated. Fed.R.Civ.P. 23. This Court's jurisdiction is alleged to be based upon Section 301 of the Labor

Management Relations Act.[1] Upon consideration of the parties' motions to dismiss and for summary judgment and the accompanying stipulation of facts, the Court has concluded that the defendant's motion will be granted and that plaintiffs' action must be dismissed.

All facts relevant to the instant case are contained in the parties' stipulation of facts. The plaintiffs are retired hourly employees of the Greenville, Texas Division of E–Systems.[2] In 1965, E–Systems entered into a collective-bargaining agreement with the UAW and Local 967. This pact covered the defendant's Greenville, Texas Division's active hourly employees, and pursuant to Article XVI[3] of this contract E–Systems procured a group insurance policy from Fireman's Fund Insurance Company of Texas. This policy covered all Greenville, Texas Division active hourly employees but did not cover retired hourly employees.

In 1968 E–Systems negotiated a new collective-bargaining agreement with the union and its local. During these 1968 labor-management negotiations, the union did *not* bargain concerning group insurance benefits for retired employees. Pursuant to Article XVI of this contract, which was identical in language to Article XVI of the 1965 agreement, E–Systems obtained another group insurance policy from Fireman's Fund. E–Systems unilaterally decided to extend the coverage of this policy, dated January 1, 1969, to retired hourly employees as well as active workers.

In 1970, E–Systems replaced its 1968 Fireman's Fund group policy with a comparable policy issued by Blue Cross-Blue Shield. The coverage afforded by this policy was also unilaterally extended by E–Systems to cover both retired and active hourly employees.

In 1972, E–Systems, the UAW and Local 967 superseded their 1968 collective-bargaining agreement with a new contract. Again, *neither* the union *nor* its local bargained about group insurance benefits for retirees and an identical Article XVI was contained within the agreement.

On August 7, 1972, E–Systems' Director of Industrial Relations posted a letter to all retired hourly employees announcing the defendant's unilateral decision to reduce the coverage afforded by the group insurance policy. This reduction in coverage affected both active and retired employees. This coverage reduction was realized when a new E–Systems Blue Cross group policy became effective on January 1, 1973.

On February 8, 1973, the retired plaintiffs instituted this action claiming that their health and welfare benefits were permanently fixed by the 1965 and 1968 collective-bargaining contracts. The plaintiffs sought permanent reinstatement of the coverage previously enjoyed, damages for any losses suffered while the coverage was unilaterally diminished, and reasonable attorney's fees.

## I. *Jurisdiction and Standing to Sue*

■ Plaintiffs assert that the court's subject matter jurisdiction is based upon Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.[4] Section

---

1. 29 U.S.C. § 185 (1964).

2. E-Systems, Inc. was formerly named LTV Electrosystems, Inc.

3.         ARTICLE XVI
       GROUP INSURANCE
1. A group insurance plan has been agreed to by the parties. The provisions of such group insurance plan shall be applicable to employees represented by the Union for the term of such plan and in accordance with the provisions thereof.

2. The provisions of such group insurance plan shall be subject to negotiations upon the expiration of this Labor Agreement.

4. § 185. Suits by and against labor organizations—Venue, amount, and citizenship
(a) Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district

301 offers federal jurisdiction for suits brought by a union, an employer, or an employee to redress violations of a collective-bargaining agreement.

In *Allied Chemical Workers of America v. Pittsburgh Plate Glass Co.*, 404 U. S. 157, 92 S.Ct. 383, 30 L.Ed.2d 341 (1971), the Supreme Court held that retired employees' benefits are a "permissive" rather than a "mandatory" subject of collective-bargaining and therefore an employer's unilateral modification of such benefits was not an unfair labor practice. The Court further recognized that the redress for a unilateral midterm modification of a "permissive" term lies in an action for breach of contract.

> Since retirees are not members of the bargaining unit, the bargaining agent is under no statutory duty to represent them in negotiations with the employer. . . .

> This does not mean that when a union bargains for retirees—which nothing in this opinion precludes if the employer agrees—the retirees are without protection. Under established contract principles, vested retirement rights may not be altered without the pensioner's consent. The retiree, moreover, could have a federal remedy under § 301 of the Labor Management Relations Act for breach of contract if his benefits are unilaterally changed. (Citations omitted.)

404 U.S. at n. 20, 92 S.Ct. at 398.

Section 301 would provide a viable remedy if the UAW and its local had bargained for the retiree plaintiffs. The parties' stipulation of facts establishes that his was not the case. As no bargaining was undertaken on behalf of these plaintiffs, they are without standing to sue under Section 301.[5]

## II. *Exhaustion of Remedies*

Assuming *arguendo* that the plaintiffs were retirees who possessed the requisite standing to sue under Section 301, they have failed to exhaust the grievance procedures of the relevant collective-bargaining agreements. Both the 1965 and the 1968 pacts, on which the plaintiffs found this suit, contain extensive and comprehensive grievance and arbitration provisions covering all aspects of contractual interpretation and application. The plaintiffs seek to invoke this Court's jurisdiction without first resorting to these contractual remedies.

As enunciated by the Supreme Court in *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L. Ed.2d 972 (1957), and the *Steelworkers Trilogy*,[6] it is the federal policy to favor arbitration of labor disputes. In furtherance of this policy the Supreme Court held that the grievance-arbitration procedures of a collective-bargaining agreement must be exhausted before an employee may file suit to enforce contractual rights. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *Boone v. Armstrong Cork Co.*, 384 F.2d 285, 288 (5th Cir. 1967).

No reason has been presented why this suit should be differentiated from other labor disputes, and therefore this court's potential jurisdiction as to this

---

court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

5. In its motion defendant argues that *Allied Chemical Workers* and *Smith v. Evening News Assn.*, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962) combine to establish that all retirees lack standing to wage a § 301 action. The Court disagrees with such a broad interpretation. Allied Chemical Work

ers supplies § 301 standing to retirees for whom a union has bargained and who have had their benefits unilaterally changed.

6. *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

matter lies *only* when the grievance-arbitration procedures have been exhausted.

### III. *Class Action*

In view of the court's disposition of this action, close scrutiny of the plaintiffs' class allegations is unwarranted.[7] The court's lack of subject matter jurisdiction is fatal to both the individual and class aspects of the plaintiffs' suit.

### IV. *Conclusion*

The plaintiffs' individual and class actions are dismissed for want of subject matter jurisdiction. It should be emphasized that this is not a decision on the merits such that would preclude the plaintiffs from seeking alternative relief.[8]

The defendant's attorneys are requested to prepare and submit an appropriate order approved as to form by the plaintiffs' attorney.

---

7. This does not preclude the defendant from contesting the alleged class action in the event further proceedings should be required in this court.

